Wickham, J.
The Fairview Glass Company made a general assignment for the benefit of its creditors to Calvin V. Trott, who proceeded- to administer the trust.
On the 3d day of June, 1907, the assignee filed an application in the Probate Court of Knox County for an order authorizing him to distribute 50 per cent, of the total -amount of claims filed and allowed by him.
On the 5th day of June, 1907, Florent Broganaux and twenty-six other claimants- filed their petition in the probate court, pray *158 ing fox- an order of the court directing tlxe assignee to' pay their claims in full. They allege in their petition that they were laborers and operatives of the Fairview Glass Company, and that their claims are therefoi-e preferred claims and were for work and labor performed by them within ninety days next precedixxg the date of the assignment, and the claim of each one' of the' petitioners is set out in the petition. This matter was heard by the pi'obate court and the assignee was ordered to distribute sixty-five per' cent, of the total amoxxnt of labor claims filed and allowed.
And thereupon came D. B. Grubb and Charles L. Bishop and represented to the court that they too were operatives, and that each had a claim for services rendered the Fairview Glass Company as operatives. Their claim that they xvere operatives, and therefore were preferred creditors with the other operatives, was disputed by Brognaux and -others, petitioners in the probate eoux-t.
The matter came on and was .heard by the probate court, who found Grubb and Bishop to be preferred claixxxants and operatives, and that their claims were preferred labor claims, and found that the claim of D. B. Grubb was for services as bookkeeper and shipper and purchasing .agent, and of Charles L. Bishop was for services as manager and laborer, performed for and at the request of said company, and an order was- made that the assignee distribute to each labor claimant an amount equal to sixty-five per cent, of his entire approved claim, including the claims of the said Grubb and Bishop.
From this finding, order and judgment the said Florent Brognaux and others sought to appeal to this court; a bond was given and the papers filed with the clerk of this court. ■ The claimants, Grubb and Bishop, filed a motion to dismiss the appeal on the grounds therein stated, and the matter was submitted to the court on the papers in the case and the evidence.
First, -we will determine the qxxestion made by the motion to dismiss the appeal.
When an appeal is taken from the probate court to the court of common pleas, the appeal bond need not be signed -by the applicants. The appeal bond in this case is not defective for that reason. Jackson v. Jackson, 31 O. S., 131.
Thé right to appeal from the probate court to the court of common pleas is given by Revised Statxxtes, Section 6407. No *159 notice of intention to appeal is required by that section. Keck v. Douglass, 6 C. C., 649.
' No notice of appeal is required by Section 6408, but that section provides the terms on which an appeal may be taken, which are: the giving of a bond in twenty days, with sureties approved by the court. The order appealed from here was made June 20, and the bond was filed and approved July 5, 3907, and was therefore given in time. The statute not requiring notice of intention to appeal, we hold that the statement in the order and entry of June 20th with reference to the notice of appeal is mere surplusage.
To determine what is appealed from and who has appealed, we must look to the entry of July 6th, and the bond.
The entry of July 6th recites that the appellants appealed from “the judgment of the court heretofore rendered in the above named cause on the 20th day of June, A. D. 1907”—that, is, the whole order and judgment.
It is argued- by counsel for Grubb and Bishop that nothing was appealed from but the finding of the court that Grubb and Bishop were preferred claimants and ordering their claims paid as preferred, and that -therefore it is ineffectual as an appeal, and the motion should be sustained on that ground. But a part of the judgment of the probate court may be appealed from. The language of the statute is, ‘ ‘ from any order or decision in the administration of insolvent estates,” etc., and that has been construed to mean any part of an order or judgment. Mannix v. Goebel, 1 C. C., 550.
So that-we consider it immaterial whether it is regarded as a whole order appealed from, or only the part above mentioned.
We have said that we must look to the bond to determine who-the appellants are. The -bond sets forth the names of six appellants ‘1 and others. ’ ’ This brings the matter up to this court' as to, the appellants named, and the sole remaining question on the motion to dismiss the appeal is whether it brings it up as to “the others,” -the additional twenty-one plaintiffs named in the petition.
We have not been able to find any authority directly in point, but our construction is that “the others” necessarily mean the other twenty-one petitioners, and we hold it is not necessary to *160 name all the petitioners as appellants in the appeal bond. Where parties are numerous, a part may appeal for the whole number. All persons are affected by the order or judgment, and even if it were not so, and it was necessary to name all of the parties appealing in the bond, it is not a defect which would defeat an appeal, but an amendment would be allowed on application, and the names inserted.
Our judgment is that the motion to dismiss the appeal should be overruled. -
Are Grubb and Bishop operatives, and are their claims there-fore preferred claims, within Revised Statutes, Section 6355?
Grubb was a stockholder, director and bookkeeper. Bishop was a stockholder, president and general manager or superintendent. ■ Grubb’s services were the keeping of books, and acting as shipping clerk occasionally. Bishop did whatever he found necessary to do in the management of the concern and performed some menial labor; but our opinion is that neither one of them can properly be designated an operative, and that the case is controlled and the question determined by the case of Green v. Weller, 6 C. C., 351, and all that is said in that case by the court in their opinion is applicable to Messrs. Grubb and Bishop.
Our judgment is. therefore, that the motion to dismiss the appeal be overruled, with exceptions, and our finding is that neither Mr. Grubb nor Mr. Bishop are operatives; nor their claims preferred under Section 6355, Revised Statutes.
The assignee should be ordered to pay the claims of the laborers who filed their petition in the probate court in 'full, so far as the fund in his hands will do so, and counsel may prepare and file an entry in accordance with the foregoing opinion.
Counsel suggest that the preferred creditors have not complied with Section 6353 of the Revised Statutes. We have examined that section of the statutes, and are of the opinion that it is not applicable to this case. This is not a proceeding to determine the validity.of a claim, but the priority between rival claims. Clapp v. Banking Co., 50 O. S., 528-534.